IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANIEL RAY BROWN                                                                                           PLAINTIFF

        v.                              Civil No. 3:21-cv-03032

SHERIFF TIM ROBERSON, Boone County,
Arkansas; JAIL ADMINISTRATOR JASON
DAY; CORPORAL NICHOLS; and
SERGEANT WILLIS F. WADE                                                                              DEFENDANTS

## ORDER

      By Order (ECF No. 7) entered on May 13, 2021, the Court noted that Plaintiff had three or more cases that are strikes[1] under 28 U.S.C. § 1915(g).[2] Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* ("IFP") if he has three or more strikes unless he is under imminent danger of serious physical injury. Plaintiff was given until June 3, 2021**,** to: (1) advise the Court why one of these cases does not constitute a strike; (2) or indicate why he believes he is under imminent danger of serious physical injury; or (3) pay the $402 filing fee.

      On May 21, 2021, Plaintiff filed a Response (ECF No. 11) maintaining he is under imminent danger of serious physical injury. In the same document, Plaintiff asks that this case be consolidated with *Brown v. Roberson, et al.,* Civil No. 3:21-cv03033, as both involve the same or similar issues.

      The exception to the three strikes rule may only be invoked when the imminent danger

---

[1] As defined by § 1915(g), a strike is a case dismissed on the grounds it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[2] *Brown v. Kelley, et al.,* Civil No. 5:16-cv-00374 (Eastern District of Arkansas)(dismissed for failure to state a claim on January 10, 2017—no appeal taken); *Brown v. Watson, et al.,* Civil No. 3:12-cv-03147 (dismissed for failure to sate a claim on September 19, 2013—no appeal taken); *Brown v. Hickman, et al.,* Civil No. 3:13-cv-03059 (dismissed for failure to state a claim on September 19, 2013—no appeal taken).

1

exists at the time of the filing of the Complaint. *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[T]he exception focuses on the risk that the conduct complained of threatens continuing future injury, not on whether the inmate deserves a remedy for past misconduct." *Id.* In *McAlphin v. Toney,* 281 F.3d 709, 710-11 (8th Cir. 2002), the Eighth Circuit found the following allegations to be sufficient to invoke the exception: "Plaintiff alleges five tooth extractions, unconstitutionally delayed, in the past, but he also alleges that he needs two more tooth extractions, that are being delayed because of deliberate indifference to his serious medical needs, and that, as a consequence, an infection is spreading in his mouth." *Id.*

Here, Plaintiff in his Complaint (ECF No. 1), Supplements (ECF Nos. 5 & 9), and his Response (ECF No. 11) to the Court's Three Strikes Order, alleges the following: he has been diagnosed with schizophrenia; he is currently being denied his mental health medications; he was removed from protective custody and is now getting death threats; defendants are deliberately indifferent to the needs of detainees with mental health issues; he is having hallucinations, hearing voices, and is very paranoid; and he is presently having both suicidal and homicidal tendencies. The Court concludes Plaintiff has adequately alleged his is in imminent danger of serious physical injury.

Plaintiff's IFP application was not complete because he failed to attach his certificate of account. The Court notes Plaintiff filed his certificate of account (ECF No. 7) in his other case *Brown v. Roberson, et al.,* Civil No. 3:21-cv03033   The **Clerk** is directed to file the certificate of account (ECF No. 7) from *Brown v. Roberson, et al.,* Civil No. 3:21-cv03033, in this case.   The Motion for Leave to Proceed IFP (ECF No. 2), as supplemented by the certificate of account, is **GRANTED.**   The **Clerk** is directed to collect the $350 filing fee from the Plaintiff pursuant to

the provisions of the Prison Litigation Reform Act as set forth in 28 U.S.C. § 1915(b). No separate filing fee will be assessed in *Brown v. Roberson, et al.,* Civil No. 3:21-cv03033. The Clerk is directed to terminate the Motions for Leave to Proceed IPF (ECF Nos. 2 & 7) in that case.

The Court grants Plaintiff's request (ECF No. 11) to consolidate these two cases, *Brown v. Roberson, et al.,* Civil No. 3:21-cv-03032 and *Brown v. Roberson, et al.,* Civil No. 3:21-cv03033. Specifically, the Court finds that the two cases involve common questions of law and fact. The cases are hereby consolidated for all matters at issue in the case pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure. This case, Civil No. 3:21-cv-03032, shall be the lead case. All future pleadings will be filed in the lead case but will contain the case numbers for both cases.

The Plaintiff's Motion to Amend (ECF No. 10) is **GRANTED.** Plaintiff is directed to file **a single complaint in the consolidated cases** naming as Defendants the individuals he contends have violated or are violating his federal constitutional rights. The Court cannot assist the Plaintiff in deciding who he should name as defendants.

**Plaintiff is directed to submit the Amended Complaint by June 23, 2021**. The **Clerk** is directed to mail the Plaintiff a court-approved § 1983 form.

In the Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8. Plaintiff must repeat this process for each person he has named as a Defendant.

Plaintiff is **CAUTIONED** that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do, the allegations against that Defendant will be dismissed for failure to state a claim.

The Plaintiff must clearly designate on the face of the document that it is a First Amended Complaint. The First Amended Complaint must be retyped or rewritten in its entirety on the court-approved form. Plaintiff **may not incorporate any part of the original Complaint.** A First Amended Complaint supersedes, or takes the place of, the original Complaint. After amendment, the Court will treat the original Complaint as nonexistent. Any cause of action that was raised in the original Complaint is waived if it is not raised in the First Amended Complaint. **This case shall be subject to dismissal if Plaintiff fails to return the Amended Complaint to the Court by the June 23, 2021, deadline.**

IT IS SO ORDERED this 2nd day of June 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE